Filed 9/5/14  P. v. Duong CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049330 |
| v. | (Super. Ct. No. 12NF2639) |
| HANH TAN DUONG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Hanh Tan Duong on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf. Duong was given 30 days to file written argument on his own behalf. That time has passed, and Duong did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. The *Wende* court explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they have merit or fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Duong did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel provided the court with information as to issues that might arguably support an appeal. Counsel requested this court conduct its own review but also provided an extensive list of issues for the court to consider. Counsel questioned whether: (1) the trial court erred in refusing to instruct the prosecution needed to prove Duong's knowledge the victims were loss prevention officers and had a possessory interest in the property; (2) Duong was competent to waive his *Miranda*[1] rights given his voluntary drug intoxication; (3) there was insufficient evidence to support the element of force required for robbery; (4) the court erred in allowing the admission of Duong's prior convictions and incidents at Home Depot; (5) the court erred in denying Duong's request to dismiss the strike prior

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

for sentencing; (6) the court erred in denying Duong's *Marsden*[2] motion; (7) the court erred in overruling Duong's hearsay objection to a statement made by one of the loss prevention officers during the struggle with Duong; and (8) the court erred in finding Duong competent to stand trial.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and found no arguable issues on appeal. The judgment is affirmed.

FACTS

Mario Mora, a plainclothes Asset Protection Specialist, was working at Home Depot. Mora was walking the sales floor when he saw Duong in the Hardware Department. Mora watched from eight to 10 feet away as Duong selected several expensive sanding bits or blades, went to the back of the store, and put the items in his pockets. Mora alerted another plainclothes Asset Protection Specialist, Donald Shaut, and they remained in contact by telephone while following Duong.

Mora followed Duong to the Mill Works Department and saw Duong select three garage door openers, go to an aisle with door displays, and conceal the openers in his front and back waistband. Duong was wearing a long, baggy gray T-shirt that was not tucked into his pants so the shirt covered the items he had placed in his waistband.

Mora and Shaut watched Duong pick up an item, approach a cashier, and ask for a price. After the cashier scanned the item, Duong gave the item back to the cashier and left the store.

Mora confronted Duong after he exited the store and identified himself as store security. He asked Duong to return inside the store with him. Duong turned and made eye contact with Mora. Duong told Mora that he did not have anything and backed away from Mora. Mora grabbed at the front of Duong's shirt but lost his grip and latched onto Duong's arm. Duong continued to try and pull away.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Shaut lost eye contact with Duong after seeing Duong approach the cashier for the price check. Shaut next saw Duong when Shaut exited the store through a different door and saw Duong involved in a physical confrontation with Mora. Shaut rushed to Mora yelling, "store security." Shaut heard Mora doing the same. As Shaut ran towards the struggle, Duong turned and ran into Shaut. The men became entangled with one another and fell to the ground. Duong continued to struggle with Shaut while they were on the ground, and Duong pinched or dug into Shaut's side as they struggled. Despite Duong's continued resistance, the officers eventually placed handcuffs on Duong. Duong insisted he had not done anything and did not know why they stopped him.

After Duong was standing, Mora lifted Duong's shirt and observed the garage door openers were in his waistband. Mora and Shaut escorted Duong to the Loss Prevention Assets Protection Office where they wrote a report and called the police. The police did not respond for quite some time. During the several hour wait, Duong made a variety of "weird" statements. Some of Duong's statements included him saying his "Holy Spirit only fights with devils" and the devils follow him around. Duong also indicated he had smoked crack cocaine and had been awake for a couple of days. Mora made a video of some of Duong's statements with his cellular telephone because the statements seemed unusually bizarre.[3]

Anaheim Police Officer Angelica Mejia arrived and took statements from Mora and Shaut. Duong was in handcuffs when Mejia arrived. Mejia advised Duong of his *Miranda* rights. Duong indicated he understood each of his rights. Based on his responses, Mejia believed Duong had no problem understanding her questions. When Mejia asked Duong why he was at the store, Duong said he had gone to the store to steal. He explained that when he steals things, he pays someone to return the items for him.

---

[3]      The video was played for the jury.

4

Duong said he had gone to the same store the day before and the store would not allow him to return items. Duong also said, "'I stole some stuff, I walked out, I ran out, I fought back, it's a misunderstanding, I apologized.'" Mejia transported Duong to the police station for booking.

An information charged Duong with two counts of second degree robbery (Pen. Code, §§ 211, 212.5)[4] (counts 1 and 2), and commercial burglary (§§ 459, 460, subd. (b)) (count 3). The information alleged Duong suffered a previous serious and violent felony conviction. (§§ 667, subds. (d) & (e)(1); 1170.12, subds. (b) & (c)(1).) The information alleged the same conviction as a prior serious felony within the meaning of section 667, subdivision (a)(1).

Before trial began, Duong requested a *Marsden* hearing. At the *Marsden* hearing, Duong complained his attorney thought he had mental health issues. Counsel acknowledged that based on a review of his file and her conversations with him, counsel intended to declare a doubt as to Duong's competency to stand trial. The trial court denied the motion to relieve counsel.

After the trial court denied the *Marsden* motion, counsel declared a doubt as to Duong's competency to stand trial. Criminal proceedings were suspended, and proceedings pursuant to section 1368 were instituted. At the competency hearing, both the prosecution and Duong submitted the matter on the doctors' reports. The court found by a preponderance of the evidence Duong was competent to stand trial and criminal proceedings were reinstated.

At trial, Duong presented a voluntary intoxication or mistake of fact defense. Counsel argued Duong was hallucinating from his drug use and was too high to know his plainclothes attackers were associated with Home Depot. In closing argument,

---

[4] All further statutory references are to the Penal Code.

counsel conceded Duong's guilt of commercial burglary, and argued rather than robbery, Duong was only guilty of two counts of petty theft. The jury convicted Duong of all three charged offense.

The trial court sent Duong to a Department of Corrections facility and ordered a section 1203.03 diagnostic study. Prior to the trial on the substantive offenses, Duong waived his right to a jury trial on the prior conviction allegations. After Duong returned from the diagnostic study, the court held a trial on the prior conviction allegations. The court found the one alleged section 667, subdivision (a)(1), prior conviction true and denied Duong's motion to strike the one prior under the Three Strikes Law. (§ 667, subds. (b)-(i); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) In denying the motion to strike, the court indicated it had sympathy for Duong but noted his lengthy criminal history and the fact his crimes increased in seriousness.

The trial court sentenced Duong to the low term of two years on count one, doubled to four years as a second strike. The court imposed the same sentence on count two to run concurrent with count one. The court stayed the sentence on count three pursuant to section 654. The court imposed a consecutive five-year term for the section 667, subdivision (a)(1), prior conviction. Duong's total prison term was nine years. The court also imposed various fines and fees. Duong was awarded 446 actual days in custody and 66 days of conduct credit—limited to 15 percent under section 2933.1—for a total of 512 days.

## DISCUSSION

The fact counsel filed the opening brief under *Wende* confirms he does not believe the issues he listed are arguable. We have also reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

6

## DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


THOMPSON, J.